UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSE NIEVES | : | |
|     Plaintiff, | : | CIVIL ACTION NO. |
| | : | 3:15-cv-01842 (JCH) |
| v. | : | |
| | : | |
| NANCY A. BERRYHILL, | : | JUNE 30, 2017 |
|     Defendant. | : | |
| | : | |

**ORDER RE: MOTION FOR ATTORNEY'S FEES (DOC. NO. 25)**

Plaintiff Jose Nieves brought this action seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying his applications for disability insurance benefits and supplemental security income. Nieves filed a Motion to Reverse the Decision of the Commissioner and the Commissioner filed a Motion to Affirm the Decision of the Commissioner. Mot. to Reverse (Doc. No. 17); Mot. to Affirm (Doc. No. 20). On December 30, 2016, the court entered Judgment in favor of Nieves. Order (Doc. No. 22).

Now before the court is Jose Nieves's application for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"). Mot. for Attorney's Fees Pursuant to Equal Access to Justice Act (Doc. No. 25). Nieves moves for a total award of 52.3 hours, including 10 hours in 2015, 38.9 hours in 2016, and 3.4 hours in 2017. Id. Nieves asks the court to award fees for 2015 at a rate of $190.28, and at a rate of $191.70 for 2016.[1] Id. The Commissioner opposes the request because Nieves requests more than forty

---

[1] Nieves does not specify a rate for 2017, but applying the 2016 to the 2017 rate yields his total request of $10,011.71. The court will therefore apply the 2016 rate to the 2017 hours awarded.

1

hours, which it argues reflects a reasonable expenditure of time in a disability case of this case's complexity. Def.'s Opp. to Pl.s Mot. for Attorney's Fees (Doc. No. 28) at 3. Notably, the Commissioner does not contest Nieves status as a prevailing party or the hourly rates used by counsel. Id. For the following reasons, Nieves's Motion is **GRANTED IN PART**.

I. LEGAL STANDARD

Pursuant to the EAJA, "a party prevailing against the United States in court, including a successful Social Security benefits claimant, may be awarded fees payable by the United States if the Government's position in the litigation was not 'substantially justified.'" Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002); 28 U.S.C. § 2412(d)(1)(A). The court determines EAJA fees by "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Echkerhart, 461 U.S. 424, 433 (1983). The court must review the plaintiff's itemized statement to determine whether the hours requested are reasonable and exclude hours "that are excessive, redundant, or otherwise unnecessary." Hensley, 461 U.S. at 433-34. In order to properly assess the reasonableness of the fee, the court should consider the time and labor required, the novelty and difficulty of the factual and legal questions, counsel's skill and experience, and the results actually obtained. Id. at 430 n.3.

II. DISCUSSION

After reviewing the itemized fees of Nieves's attorney, the court agrees with the Commissioner that some reduction in the time awarded is justified. Nieves's request for 52.3 hours exceeds the twenty to forty hours that courts in the Second Circuit normally find to be required by routine Social Security cases. Dupuy v. Colvin, No. 3:14-CV-01430 (SALM), 2015 WL 5304181 at * 2 (D. Conn. Sept. 9, 2015). The administrative

record in this case was only 768 pages long, and the factual and legal issues were not particularly novel or difficult. Thus, the court will reduce the amount of time reviewing the record and performing research from 29 hours to 15 hours.

Additionally, the itemized fees for March 29, 2017, include reference to an affidavit and memorandum. Fee Itemization of Olia M. Yelner (Doc. No. 25-1) at 2. No affidavit nor memorandum was filed, nor is there reference to either in the Motion. Therefore, the court will not award fees for time spent preparing either the affidavit or the memorandum. Thus, the court will reduce the time awarded on March 29 by a half hour.

In sum, the court is reducing the time spent in 2016 by 14 hours, and the time spent in 2017 by 0.5 hours.

### III. CONCLUSION

For the reasons set forth herein, Nieves's Motion for Attorney's Fees (Doc. No. 25) is **GRANTED IN PART**. Specifically, the court awards 10 hours of attorney time in 2015 at an hourly rate of $190.28 for a total of $1,902.80. The court awards 24.9 hours of attorney time in 2016 at an hourly rate of $191.70 for a total of $4,773.33. The court awards 2.9 hours of attorney time in 2017 at an hourly rate of $191.70 for a total of $555.93. Accordingly, the court orders a total award of fees is $7,232.06.

**SO ORDERED.**

Dated at New Haven, Connecticut this 30th day of June, 2017.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge

3